# 05 CIV. 7145

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ORIGINAL

MAXIMINO VASQUEZ,

**ROBINSON**

Plaintiff,

v.

CIVIL ACTION

VILLA ENTERPRISES II, INC.,

Case No.

Defendants

## COMPLAINT

# ECF CASE

## INTRODUCTION

1. Plaintiff was at all relevant times employed at Defendant's restaurant branch located in Rockland County, New York.   Defendant deliberately misreported the hours Plaintiff worked.  According to Plaintiff's timecards, Plaintiff regularly worked far more than 55 hours per week at the Villa Pizza restaurant in the Nanuet Mall, Nanuet, New York. Despite the Plaintiff's consistent work beyond 55 hours per week over several years, Defendant issued paychecks to Plaintiff reflecting only 55 hours of work or less.  As a result of the shortfall, Plaintiff was not paid his full overtime compensation, as required by law. Moreover, on occasion Plaintiff was not paid for non-overtime work hours, in violation of federal and state minimum wage standards. By willfully not paying the Plaintiff his full due, Defendant violated federal and state law.

2. This case is an action to remedy the failure of Defendant to pay the Plaintiff the legally required wages for his labor, as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and its implementing regulations, and Article 19 of New York State Labor Law

and its implementing regulations.  Plaintiff also seeks to remedy Defendants' violation of New York's spread-of-hours and wage deductions law.

## JURISDICTION

3.  Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.  Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

4.  Supplemental jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. § 1367.

## VENUE

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b). A substantial part of the events and occurrences underlying this litigation occurred within this District.

6.  The unlawful employment practices described in this complaint were committed within this District.

7.  Defendant regularly does business within this District.

## PARTIES

### A.  Plaintiff

8.  Plaintiff MAXIMINO VASQUEZ was employed at Defendant's operations from May 16, 2000 to November 2, 2003.

9.  Plaintiff was an employee of Defendant within the meaning of the FLSA.

10.  At all relevant times, Plaintiff was a manual worker within the meaning of New York Labor Law § 190.

11.   Plaintiff was an employee of Defendants within the meaning of N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

12.   As an employee of Defendant, the Plaintiff worked at Defendant's Villa Pizza restaurant in Nanuet Mall,  75 West Route 59, Nanuet, New York 10954.

15.   Plaintiff was engaged in the production of restaurant meals, using ingredients and foodstuffs purchased through interstate commerce by the Defendant.

**B.  Defendant**

13.   Defendant VILLA ENTERPRISES II, INC. ("Villa Pizza") is a New York domestic business corporation with its principal place of business at 17 Elm Street, Dept 4206, Morristown, New Jersey 07690.

14.   Villa Pizza regularly conducts business in Rockland County, New York and elsewhere within the jurisdiction of this Court, as well as in other states and, upon information and belief, several foreign countries.

15.   Villa Pizza is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

16.   Villa Pizza is an enterprise which has an annual gross volume of sales made or business done not less than $500,000.

17.   At all relevant times, Villa Pizza was an employer of  Plaintiff.

**FACTS**

18.   Plaintiff was employed by Defendant.

19.   Plaintiff regularly worked more than 55 hours per workweek.

20.   On a regular basis, Plaintiff was not paid at all for those hours he worked beyond 55 hours per week.

3

21. Plaintiff regularly worked more hours than the total number of hours indicated on his paycheck stubs.

22. Defendant failed to provide the Plaintiff with wage statements which accurately reflected the number of hours the Plaintiff worked in a pay period.

23. Defendant regularly failed to pay Plaintiff an hourly wage rate of time-and-one-half for every overtime hour which the Plaintiff worked, as required under federal overtime compensation law and state labor law.

24. On occasion, Defendant failed to pay Plaintiff the minimum hourly wage as required under federal and state minimum wage standards.

25. Plaintiff regularly worked six days per week for Defendant.

26. Plaintiff regularly worked more than 10 hours per day for Defendant.

27. While employed by Defendant, the spread of hours from the start to the finish of Plaintiff's workday regularly exceeded 10 hours.

28. Defendant failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiff's spread of hours exceeded 10 hours, as required by New Labor Law, § 190.

29. Defendant made uniform and meal deductions from the Plaintiff's wages. These deductions were made without the authorization of Plaintiff. The wage deductions thus violated the New York Labor Law, § 193.

30. Defendant's failure to pay Plaintiff the proper wages required by law was willful.

31. All actions and omissions described in this Complaint were made by Defendant directly or through Defendant's supervisory employees and/or agents.

4

## FIRST CAUSE OF ACTION (COUNT I)
## FAIR LABOR STANDARDS ACT

32.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1
through 31 above as if set forth fully here.

33.     Defendant failed to pay full overtime compensation to Plaintiff, in violation of the Fair
Labor Standards Act, 29 U.S.C. §207 et seq. and its implementing regulations.

34.     Defendant failed to pay the federal minimum wage to Plaintiff in violation of the Fair
Labor Standards Act, 29 U.S.C. §206 et seq. and its implementing regulations.

35.     Defendant's violations of the FLSA were willful, in that the Defendants knew or showed
reckless disregard for the issue of whether Defendant's conduct was prohibited under the
FLSA.

36.     Defendant's failure to comply with the FLSA overtime and minimum wage protections
caused Plaintiff to suffer loss of wages and interest thereon.

37.     Plaintiff is entitled to his unpaid wages, plus an equal amount as liquidated damages, as a
consequence of the Defendant's actions and omissions in violation of the FLSA.

## SECOND CAUSE OF ACTION (COUNT II)
## NEW YORK LABOR LAW

38.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1
through 38 as if set forth fully here.

39.     Defendant failed to pay full overtime compensation to Plaintiff, in violation of New York
Labor Law Article 19 and its implementing regulations, N.Y. Comp. Codes R. & Regs.,
tit. 12, §142-2.2, et seq..

40.   Defendant paid the Plaintiff less than the state-mandated minimum wage in violation of New York Labor Law, §§ 652 and 670 *et seq.*.

41.   Defendant failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when Plaintiff's work day from start to finish was longer than ten hours, in violation of New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including  N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

42.   Defendant's meal and uniform deductions from the wages of Plaintiff, made without the Plaintiff's authorization, violated New York Labor Law, §193.

43.   Defendant's failure to pay the required wages as set forth in paragraphs 39 through 42, *supra*, was willful within the meaning of New York Labor Law.

44.   Plaintiff is entitled to his unpaid wages, plus an additional 25 percent as liquidated damages, and/or prejudgment interest, as a consequence of the Defendants' actions and omissions in violation of New York Labor Law in its implementing regulations.

WHEREFORE, Plaintiffs request that this Court enter an order:

a.      declaring that Defendant violated the Fair Labor Standards Act and New York
        Labor Law;

b.      declaring that Defendant's violations of the FLSA and New York Labor Law
        were willful;

c.      enjoining the Defendant from committing future violations of the FLSA and New
        York Labor Law;

d.      granting judgment to Plaintiff for his claims of unpaid wages as secured by the
        Fair Labor Standards Act as well as an equal amount in liquidated damages;

e.      granting judgment to Plaintiff for claims brought pursuant to New York Labor
        Law as well as an additional 25% in liquidated damages and/or prejudgment
        interest;

f.      awarding Plaintiff costs and reasonable attorneys' fees; and

g.      granting such further relief as the Court finds just and equitable.

Dated:      Kingston, New York
            July 28, 2005                          Respectfully Submitted,


                                                   Daniel Werner (DW-9986)
                                                   dwerner@wnylc.com
                                                   WORKERS' RIGHTS LAW CENTER
                                                        OF NEW YORK, INC.
                                                   101 Hurley Avenue, Suite 5
                                                   Kingston, NY  12401
                                                   (845) 331-6615
                                                   Facsimile: (845)331-6617
                                                   dwerner@wnylc.com

                                                   ATTORNEY FOR PLAINTIFFS

## CONSENTAMIENTO PARA ACCION FLSA

Estoy de acuerdo y doy my consentimiento para ser demandante en un juicio bajo las leyes del tiempo extra, mantenamiento de antecendentes/archivos y/o sueldo mínimo del Acto de Normas de Labor Justas respeto con mi trabajo con la siguiente compañía/organización/persona:

Villa Enterprises II, Inc. and related entities/people.

Nombre del Demandado

x _____
Firma del Demandante

Maximino Vasquez

Nombre del Demandante

_____July 29, 2005_____
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime, recordkeeping, and/or minimum wage provisions of the Fair Labor Standards Act with respect to my labor with the following party:

Villa Enterprises II, Inc. and related entities/people.

Name of Defendant

_____
Plaintiff's Signature

Maximino Vasquez

Plaintiff's Name

_____July 29, 2005_____
Date